JOHN EGGIE AND JOSEPH T. EGGIE, FORMERLY PART-
NERS, TRADING AS EGGIE BROTHERS, PLAINTIFFS-
PROSECUTORS, v. JOSEPH L. MONEY, DEFENDANT-RE-
SPONDENT.

Submitted May term, 1927—Decided November 25, 1927.

Contracts—Purchase of Truck Under Lease Agreement—Default
in Payment of Serial Notes and Seizure of Truck—Suit for
Amount Due and Counter-claim for Damages for Illegal
Seizure—Question Turned on Whether Proper Notice Had
Been Given Defendant—Verdict for Defendant, Awarding
$300 on Counter-claim—On Rule to Show Cause, Held That
Verdict Will Not be Disturbed as to Proof of Notice, but
Award Must be Reduced, the Proofs Showing Damages of
Nine Dollars Only.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK
and LLOYD.

For the rule, *Robert J. Tait Paul.*

*Contra, A. Moulton McNutt.*

PER CURIAM.

The defendant purchased from the plaintiff under a lease
agreement a White dump truck for the sum of $4,100. He
made an initial payment and gave serial notes for the balance.
The first and second notes were not paid at maturity, and the
plaintiff seized the truck and instituted suit for the amounts
due on the notes that had matured, for a balance still due
on the initial payment and for a small item for materials
furnished.

The defendant filed an answer alleging that the plaintiff
had unlawfully seized the truck and that in consequence the
consideration for the notes had failed, and also filed a coun-
ter-claim for damages for the taking of the truck. There

was no doubt of the default by the defendant in making the payments due under his agreement. The agreement, however, provided that "upon default of any installments of rental, the lessee shall, on demand of the lessor, forthwith deliver the machine to the lessor; and should the lessee fail or refuse to deliver the machine aforesaid, the lessor shall have the right without notice or demand to terminate the lease and take possession of the machine."

The right of the plaintiff to take possession of the machine turned upon whether demand in accordance with the agreement had ever been made. There was a verdict in favor of the defendant in the sum of $300 on his counter-claim, and a rule was allowed to the plaintiff to show cause why a new trial should not be granted.

The reasons urged for a new trial are that the verdict was against the weight of the evidence on the question as to whether a demand had been made, and that there was no evidence upon which the verdict in favor of the defendant in the sum of $300 could be sustained.

The verdict will not be disturbed in so far as the question of a demand is involved. While one of the plaintiffs testified that the defendant was notified that the plaintiff must have either the truck or the payment, this was hardly an unequivocal demand for the truck, and even if it were sufficient it is denied by the defendant.

As to the counter-claim we find no evidence justifying the award made to the defendant by the jury. When the truck was seized it contained a load of cinders which was valued at $9. There was no other proof of damage to the defendant by the unlawful seizure of the truck. The result we reach is that the verdict cannot be sustained beyond the value of the cinders. If the defendant will accept a reduction of the amount of the verdict to $9, the rule will be discharged; otherwise it will be made absolute.